UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES THOMAS Jr.,

Petitioner,

v.

HAROLD W. CLARKE,

Respondent.

Case No. C06-5563FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
January 19, 2007**

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Before the court is respondent's motion to dismiss the petition as time barred (Dkt. # 10). The motion was filed in lieu of an answer (Dkt. # 9). Petitioner has responded (Dkt. # 11). The matter is now ripe for review.

**INTRODUCTION AND SUMMARY CONCLUSION**

Petitioner challenges a 2001 Pierce County conviction and raises Sixth Amendment claims in light of a fairly new Supreme Court ruling, Crawford v. Washington, 541 U.S. 36 (2004). After review of the record this court concludes the petition is time barred and **THE MOTION TO DISMISS SHOULD BE GRANTED.**

REPORT AND RECOMMENDATION- 1

# **FACTS**

On September 21, 2001, petitioner was convicted of one count of child molestation in the first degree (Dkt. # 10, page 1). The Pierce County Superior Court gave petitioner an exceptional sentence of 288 months (Dkt. # 10, page 1).

Petitioner appealed his conviction and on August 2, 2002, the Washington State Court of Appeals affirmed the conviction and sentence (Dkt. # 10, page 3). Thirty three days later petitioner, through counsel, moved to file a late motion for discretionary review. The motion to file a late motion for discretionary review was denied on September 5, 2002 (Dkt. # 10, page 3). Thus, on direct appeal, the Washington State Supreme Court did not consider a motion for discretionary review on the merits.

On March 8, 2004, the United States Supreme Court decided Crawford. Crawford v. Washington, 541 U.S. 36 (2004). The Crawford holding is that it violates the Sixth Amendment right to confrontation to allow an out of court statement as evidence in a criminal trial unless there was an opportunity to cross examine. Thus, many child abuse cases were called into question as the evidence against a person often involves statements made by the alleged victim to other persons. There is rarely a chance to cross examine or confront the accuser in this setting. In Thomas's case the victim did testify.

Eleven months after the Crawford decision, petitioner filed a Personal Restraint Petition in the Washington State Court of Appeals. The petition was filed on February 8, 2005 (Dkt. # 10, page 3).

On July 11, 2005, the petition was dismissed (Dkt. # 10, page 4). In dismissing the petition the state court held Crawford did not apply retroactively to cases on collateral review (Dkt. # 10-3, pages 106 and 107).

A motion for discretionary review was timely filed and denied on October 4, 2005 (Dkt. # 10-3, pages 149 to 152). The Washington State Supreme Court held the Crawford decision did not apply to cases on collateral review. The Washington State Supreme court acknowledged that the Ninth Circuit had held Crawford applies retroactively to cases on collateral review but stated in the

REPORT AND RECOMMENDATION- 2

Ruling Denying Review:

> The Acting Chief Judge properly rejected Mr. Thomas's *Crawford* argument. That decision does not apply retroactively to final judgments, such as the judgement against Mr. Thomas. *In Re Markel*, 154 Wn.2d 262, 268-73, 111 P.3d 249 (2005). Mr. Thomas correctly points out that the Ninth Circuit Court of Appeals held otherwise in *Bockting v Bayer*, 399 F.3d 1010 (9th Cir. 2005). But in *Markel* this [court] expressly disagreed with *Bockting*, following 'the overwhelming majority' of other federal and state decisions holding *Crawford* does not apply retroactively. *Markel*, 154 Wn 2d at 271 n.4, 273.

(Dkt. # 10-3, page 149, Exhibit 17).

Petitioner again waited a little more than eleven months and on September 28, 2006 this habeas petition was filed. Respondent has moved to dismiss the action as time barred.

## DISCUSSION

One Year Limitation Period of 28 U.S.C. § 2244(d)

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244 (d) (Emphasis added).

The Ninth Circuit has held the <u>Crawford</u> decision regarding a petitioner's Sixth Amendment

REPORT AND RECOMMENDATION- 3

right to confrontation applies retro actively to cases on collateral review.  Bockting v. Bayer, 399 F.3d 1010 (9th Cir. 2005); *amended* 408 F.3d 1127; *cert. granted sub. nom.*  Whorton v Bockting, __ U.S.__ 126 S. Ct. 2017 (2006).

The Ninth Circuit decision is controlling precedent.  Even using that precedent this petition is time barred.  Petitioner had one year from March 8, 2004, to file a petition in state court and toll the statute of limitations.  Petitioner waited until February 8, 2005, to file in state court and toll the running of the one year.  Thus, there were only 28 days remaining on the one year statute of limitations when petitioner filed his Personal Restraint Petition in state court.

The Washington State Supreme Court denied discretionary review on October 4, 2005 (Dkt. # 10-3, pages 149 to 152). The statute began to run again on October 5, 2005.  Petitioner had until November 1, 2005, to file a federal habeas petition.  This petition was not filed until September 27, 2006, and is ten months and twenty six days time barred (Dkt. # 1).

### CONCLUSION

This petition is time barred.  Accordingly, respondents motion to dismiss should be **GRANTED**.  The petition should be **DISMISSED.**  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 19, 2007**, as noted in the caption.

Dated this 22 day of December, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4