UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES THOMAS Jr.,

Petitioner,

v.

HAROLD W. CLARKE,

Respondent.

Case No. C06-5563 FDB

ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING RESPONDENTS MOTION TO DISMISS AND DISMISSING THE PETITION FOR HABEAS CORPUS RELIEF

      This matter comes before the Court on the Report and Recommendation of the Magistrate Judge that Petitioner's request for habeas corpus relief be dismissed with prejudice as time barred. The Petitioner has filed Objections to the Report and Recommendation.

      Petitioner challenges a 2001 Pierce County conviction and raises Sixth Amendment claims in light of the United States Supreme Court ruing in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004). The Ninth Circuit has held the <u>Crawford</u> decision regarding the Sixth Amendment right to confrontation applies retroactively to cases on collateral review. See, <u>Bockting v. Bayer</u>, 399 F.3d 1010 (9th Cir. 2005); *amended* 408 F.3d 1127; *cert. granted sub. nom.* <u>Whorton v. Bockting</u>, __ U.S. __ 126 S.Ct. 2017(2006). The Magistrate Judge, nonetheless, recommends dismissal of the petition on the basis that it is time barred through application of 28 U.S.C. § 2244(d)(1)(C).

ORDER - 1

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year limitations period for habeas applications. 28 U.S.C. § 2244(d)(1). Under subsection (C) the year commences to run from "the date on which the constitutional right asserted was ... newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2244(d)(1)(C). <u>Crawford</u> was decided on March 8, 2004. On February 22, 2005, the Ninth Circuit held <u>Crawford</u> retroactive to collateral review. The Magistrate Judge applied § 2244(d)(1)(C) and determined the one-year statute of limitations commenced to run the date <u>Crawford</u> was decided and thus, found the petition untimely.

The Petitioner objects, contending that the limitation period runs from the date on which the right asserted was made retroactively applicable, February 22, 2005, not the date the right was first recognized, March 8, 2004.

Petitioner's argument is without merit. This argument has been considered and rejected by the Supreme Court. The Court held in <u>Dodd v. United States</u>, 545 U.S. 353 (2005), that a provision in 28 U.S.C. § 2255 materially identical to § 2244(d)(1)(c) runs from the date the right was initially recognized, even if a court does not declare that right to be retroactive until a later date. <u>Dodd</u> is equally applicable to § 2244(d)(1)(C). See, <u>Johnson v. Robert</u>, 431 F.3d 992 (7th Cir. 2005).

The Court having reviewed the Report and Recommendation of the Hon. J. Kelley Arnold United States Magistrate Judge, Objections to the Report and Recommendation, and the remaining record, does hereby find and Order:

(1) The Court adopts the Report and Recommendation;

(2) The petition is **DISMISSED WITH PREJUDICE** as time barred.

(3) The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent, and to the Hon. J. Kelley Arnold.

DATED this 12th day of January, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2